Morgan, J.
Defendant is sued as owner of what was once the New Orleans, Opelousas and Great Western Railroad, for the value of several mules, alleged to have been run over and killed or injured, and the cart to which they were attached destroyed, by the carelessness of one of his employes.
Service of the petition was accepted aDd citation acknowledged by Charles A. Whitney & Co. It is not disputed that Whitney & Co. are defendant’s agents, or that they had authority to represent him.
Subsequently, he appeared by counsel and excepted to the jurisdiction of the court upon the ground that he was, as alleged in the petition, a citizen of the State of New York.
A citizen of the State of New York can be sued in the courts of this State. He may cause the case to be removed to the United States courts by following the statutes upon this subject. But if sued, cited and served with copy of the petition, he can not plead his domicile, for the reason that, in so far as this State is concerned, he has no domicile. The exception was, we think, properly overruled.
The defendant’s railroad runs through the plaintiffs’ plantation. Crossing the track there is a plantation road, which is also used by the neighborhood. Near the crossing there is a warehouse. A cart drawn by three mules, belonging to the plaintiffs, was being driven along the road in question. The road runs through a cane-field, and, at the time of the accident, the cane was high.
We think the evidence establishes that the mules were on the track when the train was discovered by the driver of the cart. He tried to stop them, but failed. Frightened, he jumped irom the cart. The mules turned a little to the left, and one of .them was struck by the arm of the engine, and the team was thrown into a ditch. One of the mules was killed outright, one died soon after, and the third was so injured that, to end his sufferings, his life was taken.
No hell was rung, no whistle was blown, no signal was given by the *230 train to notify persons who might be using the road that a locomotive was approaching.
On the other hand, it is in evidence that the mules were being driven up the road at a full trot. It is contended that the driver, if he had observed properly, could have seen the smoke-stack of the locomotive and heard the noise of the train. Probably, the furious gait at which hie was driving made his cart so noisy that he could hear nothing but its rattling. Certain it is that he was warned of his danger by a young girl, who shouted to him as he drove by the house near the track, where she lived. If he heard, he did not heed her. Nothing could be ■more careless and reckless than the conduct of this driver, and the calamity which befell the plaintiffs is to be attributed to the want of prudence of their servant. Under these circumstances they can not recover.
It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there bo judgment in favor of the defendant, with costs in both.courts.